Good morning, Your Honors. I'd like to reserve two minutes for rebuttal. The issue in this case sounds like it's related to the last case, but the issue in this case Our staff attorneys bunched these issues, so go ahead. I see. Well, then the Court would be particularly well educated for them. The issue is whether the California Doctrine of Equitable Tolling applies here so that Plaintiff's 1983 action was timely filed. We believe the answer is clearly yes to that question. Did the District Court address this issue? It didn't directly It just seemed to say that equitable tolling doesn't apply to the limitations period of Plaintiff's 1983 claim. That's my understanding. So we don't have a decision from the District Court on equitable tolling, do we? Well, the Court thought it was deciding the issue, but it used a rationale that did not, in fact, analyze the facts based on California's equitable tolling doctrine. And particularly, I think one thing that would be important for this Court, if it's going to reverse to tell the District Court, is that this doctrine of separate legally distinct wrongs is not a catch-all phrase that allows the Court to avoid dealing with the three-prong test of the California equitable tolling doctrine, which is what the District Court did. Indeed, in Cervantes, this Court addressed that and said, look, the question of whether these two actions were legally distinct or similar is to be analyzed through the California equitable tolling doctrine, and you have to go through the three-step process. By looking at the conduct, the wrong that is alleged, not the remedy sought. Is that what you're arguing? Yes, that's right. And to look at whether the two actions were actually based on the same set of facts. That's what makes the two actions similar for purposes of equitable tolling. And here, I think it is clear that the two proceedings were based on the same set of facts, namely the death of Benjamin Lucchesi at the Borough Boys Ranch. And the fact that one of them was labeled a tort claim and another was labeled a 1983 action, those labels cannot resolve the issue. Predicated on the tort claim. Predicated on the 1983 action was predicated on the same facts that gave rise to the tort claims. That's right. That's right. I mean, basically, it seems to me what the purpose of equitable tolling is, is to see whether the defendant is prejudiced by the fact that their, that the first proceeding was followed by a second proceeding. And in this case, really, there is no evidence whatsoever of prejudice. In fact, the defendants don't even claim that they're prejudiced. They're not claiming that they were not notified or aware of the first, the first proceeding, which was the tort claim. And they're not claiming that they were not in a position to defend against the 1983 action. They don't make any of those claims of prejudice. Instead, their, their contentions, like the district courts, are based on labels rather than an actual analysis of the facts of the case and the application of the equitable tolling doctrine. There's one particular point that the defendants make, which I wanted to reply to, and that is they say that the plaintiff didn't act reasonably because plaintiff's investigation done at the time the plaintiff filed the tort claim, and therefore there was no good reason for delaying so long in filing the 1983 action. Well, the answer to that is if the county were to have granted the claim, there would be no need to file the 83, 1983 action. Isn't that what you're going to argue? Well, that was part of, that's part of my argument, yes. And that's why a tort claim can serve as the predicate first claim in a California equitable tolling doctrine case. But additionally, the record doesn't show that the plaintiff had fully investigated the case. What the plaintiff filed with the ---- Would that make any difference? Well, there's one case, Irvin, which suggests that the third prong of equitable tolling, which is whether the plaintiff acted reasonably and in good faith in filing the second claim, that if the plaintiff had fully investigated the case from the beginning, then it couldn't have been reasonable to wait for a while to file the second claim. I don't think that's necessarily good law. Because you could pursue both, I suppose, while your claim is pending before the county, before the Board of Supervisors, I guess. You could file your 1983 action. You could, but what the California courts have said is we don't think that's a good idea as a matter of policy. It's not good for the plaintiff to have to follow two different proceedings at the same time. It's not good for the court system to have these multiple proceedings going at the same time. And so that's one of the very strong reasons, policy reasons, for the equitable tolling doctrine. Couldn't you file and ask that the case be held in abeyance pending the resolution of the tort claim? You could. But the whole point of equitable tolling, frankly, I think, is that sometimes the first claim is, for one reason or another, a mistake. You know, look at the first California case on point, the Elkins case, where the plaintiff first files a workers' comp claim only when it's determined that he was not an employee. Then he files a tort claim. Where there is a mistake but that the defendants are not prejudiced by that delay, that is where equitable tolling comes in for the purpose of protecting the plaintiff's right to proceed on the merits. On August 6th, the notice of rejection claim came out and it said you've got six months to file a court action. What did that mean? Well, apparently to plaintiff's counsel, he thought that the six months applied to the 1983 action as well as to a regular wrongful death action in State court. But what ordinarily would that indicate? You've got six months to file a court action where? Well, it doesn't say. It doesn't say what court. I mean, lawyers aren't all dense. I mean, what do you think that means? I mean, this is standard stuff. State court. That's a reasonable interpretation. I'm not saying that it was what I would have done, but certainly it is not a completely unreasonable interpretation. The California Supreme Court has noted in the Addison case. It says Government Code 945.6, which spells out what this means. Yeah. And nothing was done in State court, right? Well, nothing was done. So the time passed. Five months passed and then plaintiff filed his action in? In Federal court. In Federal court. But what you're asking for is tolling of the time the claim was pending before the Board of Supervisors. That's right. You're not asking for the six months extension. No. No. I mean, if the six months is what governed, then our 1983 action would be timely. But it's because it doesn't govern that we need the equitable tolling doctrine. And what cases do you want us to read that support your position? I'd like you to read Daviton. Daviton. Okay. I'd like you to read Cervantes, Addison, Collier, and Elkins v. Derby. All right. Do you have anything else or would you like to save time? I'd like to save time. Thank you. We'll hear from the other side. Good morning. I'm John Brees representing the County of Del Norte and Alan Smith in this action, Your Honors. I would like to point out that, and let me start off with the introduction, that this is a case where a plaintiff is trying to apply equitable tolling by relying on the California tort claim filing statute previously held in many federal and state courts to have no applicability to Section 1983 claims. And in Silva, referring to the state tort claim statute, the Ninth Circuit said, the plaintiff's attempt to use these provisions to carve out an exception to the one-year statute and thereby resuscitate his fading claim is futile. Elsewhere in Silva, state notice of claim statutes have no applicability to Section 1983 claims. That's with regard, isn't it, to the six months period when they give you a notice that you have six months to file? That does not affect your. To get into court, either state or federal court, on a Section 1983 claim, you do not need to file a state tort. And Addison, one of the early cases. Well, there's no doubt about that, but this is an equitable tolling. Pardon me? This tries to then transmogrify this into equitable tolling. That's correct. And what I think is interesting here is that Addison, an early equitable tolling case, says, and this is California Supreme Court, equitable tolling applies occasionally and in special circumstances. And this is not one of those special circumstances where equitable tolling should apply. If you look at all the cases that plaintiffs have relied on and filed, they're all cases before another court, a federal court or a state court, or they're cases before a formally constituted agency set up to adjudicate the claim and provide a remedy. And Stone, I think an excellent district court case, says that you need a separate legal action, usually before a formally constituted agency to set up and adjudicate a claim and provide a remedy. That's your claim number one. It's not what we put in italics, the claim for claim filing purposes. That's not the kind of action that the courts have looked to. They've been Workers' Compensation Appeal Board, EEOC, DFEH. These are all cases where an adjudicative body can weigh evidence, the parties can conduct discovery, and they can have sort of another formal legal proceeding. And certainly in Elkins, for instance, the person thought I've got a work comp claim, and they go to the work comp board, and lo and behold, they find, well, you're not an employee. Tolling is appropriate there, because then if I'm not an employee, I've got a third party claim, which I'll file in state court. Well, Daviton seems to open the door pretty wide to equitable tolling, does it not? I mean, the California Supreme Court bates this decision on a simple principle. A procedural practice is neither sacred nor immutable and must be able to withstand the charge that it is inequitable, burdensome, or dysfunctional, where, as in the instant case, the complaint alleges that the administrative and judicial claims each involve the same facts and name the same defendant, we find that allowing plaintiffs to offer evidence to support application of California's equitable tolling doctrine in no way compromises the principle rationale for the statute of limitations. I mean, doesn't Daviton open this up to exactly what they're asking for? Daviton opens the door quite wide, and, for instance, they rely on Cervantes, and Cervantes even identifies that there's got to be, when they talk about this fact-specific inquiry, to determine whether or not there's equitable tolling. Cervantes recognizes that you've got to look at the special circumstances of the prior claim, and the court cites the parties involved, issues raised, evidence considered, and discovery conducted. What is important here and what distinguishes the tort claim from these other adjudicative-type actions and where the line should be drawn and where Daviton perhaps goes too far is that a claim in front of a board of supervisors doesn't rise to the level of the claim for which equitable tolling should apply. And the board of supervisors has numerous jobs. They're not specially set up to adjudicate these types of claims. They typically reject these claims out of hand, and certainly here there was no notice to Mr. Smith, which gets to the three prongs if we go there. But in some sense, all cases provide some type of notice. How about a settlement demand letter? Is that noticed then? Does that get in through Daviton? Or, for instance, if you look at FOBS, part of FOBS that wasn't overruled, a hospital review board, an internal review board, that was found not to toll the statute. Or in Stone, a complaint to the police commission, that's not sufficient to toll the statute. Those are types of notice, but they aren't the type of notice where there's a formal adjudicative proceeding to weigh evidence, have discovery. That rises to the level of what Daviton considers. Excuse me. Did you say you had a case that said that the body had to be an adjudicated body or something of that nature? Stone says that. Stone. Yes. That's Judge Patel. And also it's implied in Cervantes because the court talks about, well, what discovery was conducted in this proceeding? A claim to a board of supervisors can be rejected out of hand. Or it can just lapse. They can do nothing and it can lapse. And that's why in Addison the court said that, let me make sure I have the right site there, that it's William v. Hovarth, rather, the court said that, and this is Judge Mosk of the California Supreme Court, that you don't need a claim for a Section 1983 claim. And I think what is important is that when this claim filing statute was set up, it was conceived to strictly limit government liability. And it was a small crack in the door that allowed state tort claims to go ahead. And plaintiffs should not be able to use that as a life vest to say there's Section 1983 claim by looking to that statutory framework and say equitable tolling should apply when every other case has said there's no tolling of the statute for federal civil rights cases. And I think that's very important. The key case here is Javver. And Javver, it was decided after Davidson. And what is interesting about Javver is there were two claims, one to the Workers' Compensation Appeals Board. In that case, the California Court of Appeals decided that that claim was not equitably tolled because Taggart, an employee of UEP, this is kind of the same as Smith in the county of Del Norte, if you will, he wasn't a party to the first proceeding. But when the court in Javver gets on and starts analyzing the case from the Section 1983 action and the failure to file the tort claim, the Javver court doesn't even talk about equitable tolling. They go back to Silva and Stone. And Silva was decided after Cervantes, before Davidson, and they say no claim is required here at all. And they fall back on the separate distinct action analysis, which should apply when you're talking about the claim. And I think Javver is very interesting for that reason, that they look to the prior claim as a formal adjudicative claim, say no equitable tolling, and then they go on and they analyze the tort claim, finding that, number one, you don't need the tort claim for your federal cause of action, and, number two, saying equitable estoppel doesn't apply and overruling pursuant to Silva the Halas case because they say the notice of claim was sufficient. Well, Javver is a little bit tangled up because there's two parties in that case, Javver and Taggart, and one is trying to piggyback onto another, isn't it? No, Javver is the plaintiff and Taggart is the employee of UEP. Now, by the time he gets the Second Amendment complaint, he's adding other defendants, but under the three-prong analysis, that's how Smith shouldn't even be in this. Equitable tolling shouldn't even apply to Smith in this case because he never had notice of the first proceeding. He's out at 15,000 Highway 199 in Gaske, California, and the Board of Supervisors is at 900 Block H Street in Crescent City, California. And then under prong three, if you want to go through the analysis, Irwin is dispositive because there's no good faith in this case. Plaintiff, through his attorney, had a full investigation, knew over 40 witnesses, and did nothing to file the Section 1983 claim, and certainly an attorney is reasonably charged with knowing what the law is. And going back to Addison from 1976 to the present, or Williams v. Holmorth, rather, 1976 to the present, all the cases say you don't need a claim. So there's no good faith and reasonable activity on the part of the plaintiff here through his attorney. Thank you, counsel. You may respond. I wanted to concentrate on this argument that a tort claim is not the kind of first proceeding that can justify or can be used as a predicate for equitable tolling. Well, what about Stone? Stone seems to say exactly that. Stone is a 1990 case. It was before Cervantes. But it does say that. I believe it says that. But it pays lip service. It goes through the three steps of equitable tolling. But when it comes to application, it doesn't do that. It doesn't apply the doctrine any more than the district court in this case did. It did not have the benefit that Judge Patel didn't have the benefit of this Court's decisions in Cervantes or in Daviton. It is not a case that carefully analyzes the facts of the various proceedings in the way that Cervantes taught it must be done. What about Jabbaw? That's a 2002 case, and it seems to say the same thing. In the Dave case, it did utilize the equitable tolling doctrine. Right. But as Your Honor just pointed out, it found it not applicable because two defendants were different in the two different proceedings. They talk about Silva and all the rest, and they say, State and Federal claims constitute legally distinct wrongs. Because the appellant elected to pursue only one remedy as to one distinct wrong, filing suit against a State government agency under State law, the Federal district court did not err in holding that the statute of limitations relevant to the appellant's Federal civil rights action had not been equitably tolled by a previous filing of the State tort claim action. There's no question that there's a difference between a State tort claim and a 1983 action. And they seem to factor all of this into equitable tolling and saying it's not going to help you if you chase your tort claim to say that your statute of limitations is tolled. But they don't use the analysis that this Court said had to be used in Cervantes, namely a fact-specific, evidence-specific inquiry as to what are the facts that underlie the two proceedings. And if you do that here, then you see very clearly that the tort claim and the 1983 action both go down to that incident in which Benjamin Lou Casey died at the Barrow Boys Ranch. Thank you, Counsel. The case just argued, well-argued and well-briefed. We'll stand submitted. And we'll move on to Bruce v. Ilst.
judges: Weiner , Thompson, Trott